**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DENNIS BRITTENHAM,

        Plaintiff,

vs.                                 CASE NO. 2:10-CV-11030

                                      HONORABLE STEPHEN J. MURPHY, III,

BEAL,

        Defendant,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Dennis Brittenham, ("Plaintiff"), is an inmate currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. On March 17, 2010, Magistrate Judge R. Steven Whalen signed an order of deficiency, which required Mr. Brittenham to provide a certified trust account statement and an affidavit of indigence in support of his application to proceed without prepayment of fees or costs. Alternatively, the order allowed Mr. Brittenham to pay the three hundred and fifty ($350.00) dollar filing fee in full. Mr. Brittenham was given thirty days to comply with the order. To date, Mr. Brittenham has neither paid the filing fee in full or supplied this Court with the requested information.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v.*

1

*Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.* If the case is dismissed under these circumstances, it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *Id.*

Accordingly, the Court **DISMISSES** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Because the case is being dismissed under these circumstances, the Court further **ORDERS** that it is not to be reinstated to the district court's active docket despite the subsequent payment of filing fees. *McGore*, 114 F. 3d at 605.

                              s/Stephen J. Murphy, III  
                              STEPHEN J. MURPHY, III  
                              United States District Judge

Dated: May 28, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2010, by electronic and/or ordinary mail.

                              s/Alissa Greer  
                              Case Manager